# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR9 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ADRIANA GARCIA-SILVA, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 93) issued by Magistrate Judge F.A. Gossett recommending denial of the Defendant's Motion to Suppress (Filing No. 82). The Defendant, Adriana Garcia-Silva, filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 102, 103) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Garcia-Silva seeks an order suppressing all evidence and statements obtained as a result of a search of a residence on Monroe Street in Omaha, Nebraska, on or about December 22, 2008. The search was conducted pursuant to a warrant.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a brief Report and Recommendation. (Filing No. 93.) Judge concluded: probable cause existed to issue the search warrant; and the good faith exception, *United States v. Leon,* 468 U.S. 897 (1984), also applies. Judge Gossett therefore recommends that the motion to be denied.

## FACTUAL BACKGROUND

On December 15, 2008, officers conducted a trash pull at 2725 Monroe Street in Omaha, Nebraska. Officers seized the following from the trash: 1) a clear plastic baggie with a knot and one removed corner; an item of venue to Ivan Gonzalez Garcia at 2725

Monroe Street;[1] and a Cricket phone receipt under the name Roberto Gansalez. The significance of the baggie with the torn corner as it relates to methamphetamine use is explained in the search warrant affidavit. (Ex. 1, at 3.) OPPD stated that the utilities for the address in question are in the name of Abigail Martinez. The registered owner of the property at the address is Leonel A. Gamez. Records associate those two persons with another address on South 41st Street. Officers had conducted surveillance at the address for approximately 2 weeks before the trash pull, and they often saw two vehicles there. The vehicles were registered to Roberto Gonzales at 2725 Monroe Street and Guadalupe Gonzales at 2527[2] Monroe Street. The search warrant affidavit states that the affiant knows from his training and experience that persons involved with drug trafficking sometimes use calculated methods to mislead investigating officers and avoid detection.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

Garcia-Silva objects to Judge Gossett's Report and Recommendation, arguing that the search warrant was issued without probable cause because the search warrant affidavit

---

[1]Numerous pieces of venue items were in the trash with respect to this individual, but officers seized only one.

[2]At the suppression hearing, defense counsel acknowledged that the transposed number appears to be a typographical error. The address is not a valid address.

did not link the baggie to the residence in question. The Court disagrees. The affidavit states: a venue item associated the trash with the address; the three seized trash bags were placed in front of the residence; and the residences surrounding the one in question also had trash bags in front of the respective residences.

Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No.93) is adopted in its entirety;
2. The Defendant's objections to the Report and Recommendation (Filing No. 102) are overruled; and
3. The Defendant's motion to suppress (Filing No. 82) is denied.

DATED this 10th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge